```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
PETER RAYMOND WILLIAMS,       :
                              :    Civ. Action No. 17-481 (NLH)
              Petitioner,     :
                              :
         v.                   :
                              :    MEMORANDUM OPINION
STATE OF GEORGIA, et al.,     :
                              :
              Respondents.    :
_____:

IT APPEARING THAT:

1.  Petitioner Peter Raymond Williams ("Petitioner") has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 before this Court. (ECF No. 1.)

2.  While the Petition contains a long recitation of the procedural history of Petitioner's various criminal matters in the states of New York, New Jersey and Georgia, as well as the federal system, it remains unclear to this Court as to the exact challenges he is raising and the relief Petitioner is seeking from this Court.

3.  It appears that Petitioner may be attempting to challenge a sentence imposed by the State of Georgia.  (Pet. 3.) To the extent that is correct, Petitioner must first exhaust any claims in Georgia state court and then file a federal habeas

petition pursuant to 28 U.S.C. § 2254 in the appropriate Georgia district court.  See 28 U.S.C. § 2241(d).

4. To the extent Petitioner is challenging a New Jersey or New York state court conviction, if he has properly exhausted any challenges with the respective state courts, see Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), he may then file petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the proper New York district court to challenge his New York state sentence or this Court to challenge his New Jersey state sentence.

5. To the Petitioner is challenging a federal sentence, "motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Motions pursuant to § 2255 are filed with the court that imposed the sentence.  28 U.S.C. § 2255(a).  Therefore, if Petitioner wishes to challenge his conviction or sentence, he must file a § 2255 motion with the federal district court where he was convicted and sentenced.

6. To the extent Petitioner is challenging the calculation of a federal sentence, Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging

not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001).  Jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody. 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides).  Therefore, to the extent Petitioner is challenging the execution of any federal sentence, he must file a § 2241 petition with the district where he is being held in custody.[1]

7.   Finally, the Court notes that the filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed <u>in forma pauperis</u>, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to

---

[1] Petitioner alleges that he is being held at a prison on a "Joint Base within County of Burlington, N.J.," which suggest the federal correctional facility at Fort Dix.  However, the address listed on the docket is located in Pennsylvania. (Pet. 3.)

pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

8.   In light of the foregoing, the Court will administratively terminate this matter.[2]  To aid Petitioner when he is determining how to proceed, the Court will summarize the options outlined in this Opinion:

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

- If Petitioner is challenging a sentence imposed by the State of Georgia, Petitioner must exhaust any claims in Georgia state court and then file a federal habeas petition pursuant to 28 U.S.C. § 2254 in the appropriate Georgia district court.

- If Petitioner is challenging a sentence imposed by the State of New Jersey or the State of New York, and he has properly exhausted any challenges with the respective state courts, he may then file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the proper New York district court to challenge his New York state sentence, or this Court to challenge his New Jersey state sentence.

- If Petitioner is challenging a federal conviction or sentence, he must file a motion pursuant to 28 U.S.C. § 2255 with the court that imposed the sentence.

- If Petitioner is challenging the calculation of a federal sentence, and he is being held in custody in the District of New Jersey, he must file an amended § 2241 Petition with this Court which clearly and explicitly identifies his claims for relief. If he is challenging the calculation of a federal sentence but is being held in custody in another jurisdiction, he must file his § 2241 petition in that district. He must also submit the $ 5 filing or a complete in forma pauperis application.

9. An appropriate order follows.

Dated: March 20, 2017                 s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.